UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EZRA TESSEMA,

                Plaintiff,

-against-

CHIEF OF CLERK OF THE NEW YORK
CITY PROBATE COURT,

                Defendant.

21-CV-7451 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Ezra Tessema filed this complaint *pro se.* By order dated September 7, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

      Plaintiff's complaint, filed against the "Chief of Clerk of the New York City Probate Court," sets forth the following facts. Plaintiff "prepared a 'living will' and a letter to a Surrogate

Court judge requesting the validation of the will" and an order directing that the living will be part of the court's "public record." (ECF 2 at 1).[1]

> The reason being is to provide the legal validity of the will from any fabricated will be third parties or guardians or other interested stakeholders domestically or internationally who cater in the interest of institutional investors and the mortgagers of the subsidiary companies of the Ethiopian Community Development (ECDC).

(*Id.*)

On September 2, 2021, the Clerk, Diana Sanabria, "used her authority to limit or prohibit [Plaintiff] from moving the living will forward along with the letter . . . to the judge to aid the decision-making process." (*Id.*) Sanabria claimed "that the idea is 'crazy,'" and "another employee suggested that the judge won't 'waste of her time' for putting [in] place" such an order. (*Id.*) The living will and "petition for validation" are attached to the complaint.[2] (*Id.* at 6-16.)

> Plaintiff seeks the following relief:
>
> The case before the court in a nutshell is whether the federal district court has the jurisdiction of this court to determine my mental competence in an open public trial and in person, to place a directive order (a holographic living will) as a person who is deemed to have a genetic/mental aberration using mental asylum as a proxy for my [statelessness] status by the local and governmental agencies with concurrent jurisdictions.

(*Id.* at 2.) Plaintiff explains that he is

> a person born from stateless parents of an Ethiopian country origin in a special municipality region administered by the Cuban government: Isla de la Juventud; as well as for being placed for (19 years) under a mental probation in the

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

[2] Also attached to the complaint are three photographs of Plaintiff, and he asks that they not "be filed as part of the public record, only to be examined at the judge's discretion." (*Id.* at 4-5.) In an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint on the Court's CM/ECF database under Rule 5.2 of the Federal Rules of Civil Procedure.

> mainland of the US due to country of origin discrimination and ethnic discrimination of my parents which the defendant corporation deems them as Jews.

(*Id.*)

Plaintiff seeks a "public trial" to determine whether he has "the constitutional right to refuse from a contractual obligation entered by a quasi-arrangement to serve the corporation"; a "revo[cation of Plaintiff's] mental probation without further due and refer the case to an international tribunal"; and "to be recognized as a prisoner of conscious [sic]." (*Id.*)

## DISCUSSION

The Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an

ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121 (2d Cir. 2010) (grievance committee counsel); *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (county clerk). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Plaintiff alleges that Sanabria, the Clerk of the New York County Surrogate's Court, has rejected his submissions for filing in that court. Because Sanabria's acts are judicial in nature and taken at the direction of a judicial officer, Plaintiff's claims brought against this defendant are dismissed under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

4

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge